RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2025 SEP -2 AM II: 26

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Gary A. Lowe Jr.,
    Petitioner,

v.

    Case No. 25-3119

UNITED STATES OF AMERICA,
    Respondent.

---

APPELLANTS COMBINED OPENING BRIEF AND APPLICATION
FOR A CERTIFICATE OF APPEALABILITY
RULE 22(b)(2),STAY OF JUDGEMENT PENDING APPEAL
F.R.Civ.P 62(g)(1)(2) F.R.A.P.8(a)(1),
F.R.A.P. 9 MOTION FOR RELEASE
SEEKING EXPEDITED PROCEEDINGS UNDER F.R.A.P. 2

---

COMES NOW, Pro'se, Gary A. Lowe Jr. with respect to this great and honorable Tenth Circuit Court of Appeals, I believe that there are extraordinary circumstances existing that call for authoritive consideration and decision by one charged with administration and development of Law of federal circuit court and constitutional law, I'm humbly requesting for the individual circuit Judge Harris, the champion of justice, Hartz to review the District Court order of June 5, 2025, doc 283 denying 28 U.S.C. § 2255 motion (doc # 275); denying as moot (doc #276) motion from release from custody; denying as moot (doc #280) Emergency Motion Requesting Relief; denying as Moot (doc # 282) Motion seeking Certification under F.R.C.P. 54(b).

1

Statement of the case: I was not receiving fair and impartial hearing nor treatment from the court, Judge Broomes demonstrated the gross misconduct of being a bias adjudicator.

Appellate attorney Blain Myhre's (BM) representation was a constitutional defect, his filings were frivolous and his performance was deficient.

The 28 U.S.C. 2255 Motion to Vacate did not receive adequate review, district court Judge Broomes was a bias adjudicator who violated the terms and policy of 18 U.S.C. 455(a) and 28 U.S.C. 144, there was a timely filed affidavit in support of the motion to recuse Judge Broomes, and he was not to preside over the 28 U.S.C. 2255 Motion to Vacate.

Prior proceedings include but are limited to (doc# 46) December 18, Motion to dismiss the indictment, (doc# 228) Petition for Mandamus filed with the 10th. Circuit Court September 22, 2022, (doc# 280) February 3, 2025 filed Emergency Motion seeking relief, (doc# 282) Motion seeking Certification Under F.R.A.P. 54(b) filed on April 29, 2025.

Statement of Facts Relevant to Issues Presented for Review: Judge Broomes was a bias adjudicator who failed to exercise meaningful discretion while acting subitrarily. Judge Broomes has made several bias statements while making prejudicial decisions in my proceedings in order to " satisfy " the prosecution.

Judge Broomes should have been rescued from presiding over my case. Appellate attorney BM intentionally trashed my previous submissions that led to this court allowing me to appeal, BM intentionally failed in his duties to the court, his conduct was tantamount to bad faith with his frivolous and vexatious filings, BM's performance fell well below an objection standard of reasonableness, the totality of his failures are too numerous and to vast to measure the harm he has caused.

I introduced evidence of BM's ineffective representation, PJD-M, that was omitted by the prosecutor Kate E. Brubacher in her response to the 28 U.S.C. 2255 Motion to Vacate and the district court never expounded on the evidence.

2

I've shown a substantial risk of irreparable injury if a injunction was not granted and demonstrated extraordinary and exceptional circumstances exist that making the grant of bail necessary to preserve the effectiveness of the Habaes Corpus relief sought.

The violation of my Sixth Amendment Constitutional Right to effective assistance of appellate counsel is one of the injuries that I am suffering irreparable harm from.

In this case I'm relying on the holding in Free the Nipple - Fort Collins, 916 F. 3d 792 806 (10th Cir. 2019), where the Tenth Cir. held that "irreparable harm is based on the deprivation of a constitutional right. An irreparable harm demonstrating "harm for which there is no adequate remedy at law." Louisiana v. Biden, 55 F. th 1017, 1033 (5th Cir. 2022) (citation omitted).

"Compelling individuals to comply with a law that is unconstutional is irreparable harm. BST Holdings, LLC v. OSHA, 17 F. 4th 604, 618 (5th Cir. 2021) (For individual petitioners, the loss of constitution freedoms 'for even minimal periods of time ... unquestionably constitutes irreparable injury. "(quoting Elrod v. Burns, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976); Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ., 2024 U.S. Dist. LEXIS 122716, 2024 WL 3381901' at 6 (N.D. Tex, July 11, 2024) (nothing that "the potential to infringe on constitutional (22025 U.S. Dist. LEXIS 35) rights" is "per se irreparable injury"); Top Cop Shop, 2024 U.S. Dist. LEXIS 218294, 2024 WL 5049220, at 15 ("[I]f plaintiffs must comply with an unconstitutional law, the bell [of irrepaible harm] has been rung.") And as noted above, Plaintiffs have demonstrated that the CTA is likely Unconstitutional."

As is this instant case, I'm being forced to comply with unconstitutional conviction and sentence of a term of 201 months of imprisonment by a bias adjudicator, who failed to use meaningful discretion, while acting arbitrarily, trial judge J.W. Broomes misconduct of biasly making prejudicial decisions in order to "satisfy" the prosecution, using unlawful action according to the policy of judicial conduct, to the rules of discovery, the

3

rules of evidence, the policy of Civil Procedure, the policy of statute laws in the Federal Criminal Procedure and the polies set forth in the United States Constitution.

Judge J.W. Broomes abused his discretion by denying my request for injunctive release by refusing to hold the required hearing, depriving me of my Constitutional right to Due Process, preventing me from the opportunity to be heard at a meaningful time and in a meaningful manner.

The third (2025 U.S. Dist. LEXIS 36) and fourth factors require the Court to weigh the harms and public interest in granting or denying Plaintiffs' preliminary injunction request. Because these "factors merge when the government is the opposing party," the Court considers them together. Nken, 556 U.S. at 435.

The injuries likely to occur absent a preliminary injunction and stay easily outweigh any harm in granting Plaintiffs' request Without relief, "Plaintiffs will almost certainly incur substantial, incompensable monetary cost and constitutional harm." Top Cop, 2024 U.S. Dist. LEXIS 218294, 2024 WL 5049220, at 34; Docket No. 7-1 at 4; Docket No. 7-2 at 3-4

As in this case, nor would a stay disserve the public interest. "Public interest is not harmed by preventing the enforcement of unconstitutional laws and unlawful rules. (see) Id.; Top Cop, 2024 U.S. Dist. LEXIS 218294, 2024 WL 5049220, at 34.(indeed its always(2025 U.S. Dist. LEXIS 37) in the public interest to prevent a violation of a party's constitutional rights. (citation omitted))

I have demonstrated the violation of constitutional rights within the 2255 motion to vacate, and that the balance of equities at (2025 U.S. Dist. LEXIS 38) public interest support preliminary injunctive relief.

The Supreme Court has instructed that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the Plaintiffs. "(see) Madisen v. Women's Health Ctr., Inc, 512 U.S. 753, 756, 114 S.C. 2516, 129 L.Ed. 2d 593 (1994)(quoting Califano v. Yamasaki, 442 U.S. 662, 702, 99 S.Ct.2445, 61 L. Ed. 2d 1765 (1979)).

On December 20, 2024 I filed a Motion Seeking Release from Custody Pending Resolution of Pro Se Motion to Vacate Judgement Under 28 U.S.C. § 2255 in Accordant with Supreme Court Rule 49, Appellate Rule 23(b)(3)(c)(d) and F.R.A.P. 8(a)(1) (see) Attachment A - (Motion seeking Release from Custody)

Rather than reply to the Motion Seeking Release, on January 8, 2025 the prosecutor Kate E. Brubacher elected to ask for summary disposition, seeking that the my Motion Seeking Release be "rendered as moot" as the court enter an order dismissing my 28 U.S.C. 2255 Motion.

It was after prosecutor Kate E. Brubacher's request to dispose of the Motion Seeking release was discovered, that on January 27, 2025 I then filed an "emergency Motion Requesting the relief sought on the Motion Seeking Release from Custody. (see) Attachment B (Emergency Motion)

Within the Emergency Motion Requesting Relief, I brought to the courts attention the fact that the prosecutor Kate E. Brubacher failed to discuss the "Motion Seeking Release from Custody, the very Motion that she wanted "rendered as moot" was in violation of Cir. R. 27.2(A)(1)(b)(2)(a).

The Prosecutor Kate E. Brubacher request for summary disposition, that the Motion Seeking Release from custody pending resolution of Pro Se Motion to Vacate judgement under 28 U.S.C. 2255, was granted on June 5, 2025, in the order and judgement of the 2255 where Judge J.W. Broomes abused his discretion and made a plain error when he granted the request of the prosecutor without a notice to me or an opportunity for me to be heard on the subject, violating my Due Process rights to a fair hearing.

Prosecutor Kate E. Brubacher has not demonstrated that there are no material facts genuinely in dispute, nor has she demonstrated an entitlement to the judgement of law as a matter of fact.

5

The criteria for determining detention or release is governed by the likelihood of success on appeal, and a showing that the appellant is not likely to flee or pose a danger to the safety of any person or the community. (See) F.R.A.P. 8(2)(1)

Because the denial of a 2255 motion is a "decision not to release the appellant, " the operative rule is F.R.A.P. 23(b), which states that pending appeal, "the court or judge rending the decision, or court of appeals, or the Supreme Court, or a judge or justice of either Court," may order that the prisoner be "detained in the custody from which release is sought." "Detained in the other appropriate custody," or "released on personal reconiazance, with or without surety.

Judge J.W. Broomes abuse of discretion in disregarding the F.R.A.P. 23(b) was so serious that it destroyed the purpose of the Habeas Act Procedure and made F.R.A.P. 23(b) unavailable and unreliable to me. Judge J.W. Brooms failure to make a finding on the irreparable harm that I am suffering is an abuse of the courts discretion.

I was denied the due process of an opportunity to be heard in a reasonable and timely manner according to the statutory law of F.R.A.P. 23(b) and the 5th Amendment as well as a fair hearing according to the 14th Amendment.

Judge J.W. Brooms violated my 14th Amendment Constitutional right to equal protection of the law, being that similar people such as, "United States v. Palermo, 191 F. App'x at 813. The Tenth Circuit has [2018 U.S. Dist. LEXIS 15] applied the Pfaff v. Wells standard [347 F. Supp. 3d 715] to cases involving habeas petitions under § 2255, see United States v. Palermo, 191 F. App'x at 813; § 2254, see Pfaff v. Wells, 648 F.2d at 690, 693; and § 2241, see Stow v. Perrill, 30 F. 3d 142 (10th Cir. 1994)(table decision)) All the fore mentioned received different treatment than I, all having a motion hearing while the Habeas was in fact pending.

6

Habeas corpus petitioner is granted evidentiary hearing on bail under 18 USCS § 3141 pending appeal from federal conviction, where petitioner contended that issue on appeal was substantial and evidentiary hearing would establish that no risk of flight or danger to the community existed but where government contended that bail should be denied since petitioner could not establish likelihood of success on appeal, because proper standard was not likelihood of success on appeal but likelihood that contrary appellate ruling would result in reversal of judgment.  United States v. Di Salvo, 663 F. Supp. 142, 1985 U.S. Dist. LEXIS 18129 (E.D. Pa. 1985), app. after remand, 791 F.2d. 922, 1986 U.S. App. LEXIS 25626 (3d. Cir. 1986).

Judge J.W. Broomes made the appeal process of F.R.A.P unreliable and unfair because of his failure to have the adequate hearing, and failed to develope a full record.
Judge J.W. Broomes ruling is prejudice and unreasonable to the appellants right to a fair hearing in a reasonable and timely manner.  There are disputed material facts that have not been resolved.  Judge J.W. Broomes disregarded the procedure that should have been followed.  Thus violating my procedural due process rights, pursuant to Fed. R.Civ.P 56(c).

The district court judge made no findings of historical facts, the government did not prove flight risk by a preponderance of the evidence, and it did not prove dangerousness to any other person or to the community by clear and convincing evidence.

The district courts plain error of disregarding the application for release reaches the magnitude of a violation of my 8th amendment constitutional right to be free of cruel and unusual punishment.  The plain error is subject to plenary review.  (see) Sullivan V. Cuyler, 723 F.2d 1077, 1082 13th Cir 1983.

"District Court is not free under any circumstances to disregard application for release pending appeal; there are myriad situations in which such applications should be denied, but District Court must act on application and state in writing reasons for action taken." United States v. Hart, 779 F.2d 575, 1985 U.S. App. LEXIS 25529 (10th. Cir. 1985)

7

The district court has failed to act on the application motion for release, and has not stated in writing the reason for the action taken as required by statue.

The district court has violated the statutory law of rule 23(b) of the federal rules of appellate procedure when Judge Broomes made the decision to disregard the application for release pending review of 28 U.S.C. 2255.

The decision to disregard the application conclusively determined the denial of the request for release made according to the rule of F. R. A. P. 23(b). The decision exclusively prevented the Habeas Corpus Proceeding from advancing on the "shall be enlarged on his own recognizance within language of the F. R. A. P. 23(b), "must act" is the 10th circuit's direction for one to comply, Instruction for one to comply with their implied duties under rule, must act consistent with the rules' purpose and other parties' expectations, and may not intentionally ignore the others rights to reserve the benefit of the rule. The district court has acted with improper means when it violated statue 28 U. S. C. 2255 proceedings and failed to recognize the rule of F.R.A.P. 23(b) all in the design to satisfy the prosecutor and keep with the decree, "you'll never win a motion in my court room." Judge Broomes bias "pervaded the proceedings" with a mission to satisfy the prosecution, that it was impossible for me to receive a fair hearing.

The district court failed to comply with the mandate that required the district court to make a factual finding to decide if a appellant was a "flight risk" or posed any danger to the community. The district court violated the Appellant's due process rights when it failed to comply with these rights, refused to follow the mandates of 23(b) guided by the standards of the Habeas Corpus Act.

Judge J.W. Broomes failure to rule on this application for release motion in a timely fashion has rendered the appellant's release motion as "denied" being that no meaningful relief could, or would be granted by the lower court. The delay in ruling effectively deprived appellant of his appellant review rights,

8

pursuant to Rule 23(b) of the F.R.A.P. and works a manifest injustice.

The moot ruling on the release motion rendered at the execution of judgement on the 28 U.S.C. 2255 Motion to vacate has deemed the appellants right to apply for release pending the 28 U.S.C. Motion to vacate meaningless and frustrated as to undermine the intended purpose of F.R.A.P. 23(b) was a clear abuse of discretion.

It was proceduraly unfair for Judge J.W. Broomes to arbitrarily decline to perform the duties required of him pursuant to a mandatory rule in the statue of appellate rule 23(b)(3)(c)(d) and F.R.A.P. 8(a)(1). Which provided me substantive liberty interests and rights under federal law.

Judge J.W. Broomes had a duty to protect my interest in the fairness and integrity of the court and he failed to do so. To disregard the application for release under the F.R.A.P. 23 is a violation of clearly statutory law, Judge J.W. Broomes actions of committing legal error "in disregarding appellants applicants application for release pending 28 U.S.C. 2255 resolution (see) United States v. Hart 779 F.2d 575. 1985 U.S. App LEXIS 25529 (10th Cir. 1985).

Because the appellant has a high probability of success on the merits to recuse Judge Brooms and, under the 10th Cir. standard and controlling law of Gonzales, 399 F.3d 1225 (10th Cir. 2005). Strickland 466 U.S. 639 and Evitts v. Lucey. 469 U.S. 387, 394-96.

The district court abused its discretion because it failed to conduct the flight risk determination called for in the policy of rule 23(b) and the Habeas Act or F.R.A.P. 8(a).

Factors relevant to my assessment of being a danger to the community and a flight risk should have been mentioned in his order of June 5, 2025 to render the release motion as "moot". He neither discussed it nor did he make a decision based on it, it is evident that the district courts conclusion was "manifestly unreasonable, in violation of the policy rule 23(b) and therefore an abuse of discretion (see) tyson foods, 565, F.3d at 775-76.

9

## CLAIM ONE

A structural error is one that "affects the framework with which the trial proceeds, 'rather than being' simply an error in the trial process itself." (see) Weaver v. Massachusetts, 582 U.S. 286, 137 S.Ct 1899, 1907, 198 L.Ed.2d 420 (2017) (quoting Arizona v. Fulminante, 499 U.S. 279,310, 111S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Its an error that "infect[s] the entire trial process." Neder v. United States, 527 U.S. 1,9, 119 S. Ct. 1827, 144 L.Ed2d 35 (1999).

Demonstrating the bias, "to satisfy" the prosecution and to "never allow me to win a motion in his courtroom", judge J.W. Broomes breached the procedural rules of the court, a plain error to disobey the court by preventing the Omnibus hearing.

The disobedance was an abuse of discretion, the failure to perform the omnibus hearing as required by D.Kan., 71.1.2 is an error of law and manifests a clear error of judge J.W. Broomes judgement, his failure to comply with procedural rules constitutes interference with the judicial process.

"In every criminal case according to the functions of the magistrate, an Omnibus hearing "shall" be conducted before the magistrate within twenty(20) days after the defendant becomes available within the district."

The rules within the Omnibus hearing state "The government shall only present evidence that led up to a defendants arrest", I sought to disprove the insufficient evidence at the Omnibus hearing but was denied the opportunity.

The violation of the procedural rules worked to my actual and substantial disadvantage, by allowing the prosecution to proceed without establishing its probable cause for the arrest, and denying me the opportunity to be heard in a meaningful manner and at a meaningful time such as the pretrial stages of litigation where I would have proven that the affidavit had no probable cause to arrest me, I was also denied the opportunity to prove that there was no nexus between the criminal activity of 2421 W. Martha, of Sedgwick County , Wichita Kansas and myself. Thus violating my Fifth Amendment Constitutional right to Due Process, and my Fourteenth Constitutional rights to a fair hearing.

10

"Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." (see) United States v. Nickl, 427 F.3d 1286, 1298 (10 Cir. 2005)(quoting Marshall v Jerrico, Inc., 446 U.S. 238, 242, 100 S. Ct. 1610,64 L.Ed.2d 182 (1980)).

I ask this Tenth Circuit Court of Appeals to take judicial notice of the Motion hearing (doc #53), of January 12, 2021. It is a public hearing and the facts should be duly noted.

A factor that may properly be considered in determining the bias of judge J.W. Broomes is the hope to "satisfy" the prosecution as he violated the policy of Fed. R. Evid. 201(e) when he gave the prosecution an advantage by striking my evidence from the record.

28 U.S.C. 201(e), SUBDIVISION (e) "Basic consideration of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request Ample protection and flexibility are afforded by the broad provision for the opportunity to be heard on request, set forth in subdivision (e).

The evidence and attachments of the January 12, 2021 hearing were all properly submitted into evidence under 28 U.S.C. 201(e), requesting judge J.W. Broomes to take judicial notice of the evidence and the tenor of the matter noted, seeking the opportunity to be heard on the evidence and attachments because they wee all relevant to the case and my innocence.

On January 12, 2021, in the ex parte portion of the motion hearing, judge J.W. Broomes moved to strike my motion to dismiss the indictment from the record alone with my evidence in support of the motion to dismiss the indictment (doc #) (see) attachments (attch) #1 exhibt 5, attch #2 exhibit 6 (part 1 of 2), attch # 3 exhibit 6 (part 2 of 2), attch # 4 exhibit 7, attch #5 exhibit 8 (see) video conference by zoom, (see) (doc#), (see) Presentence Investigation Report (PSR) page 7 line 14.

11

After the ex parte portion of the motion hearing, judge J.W. Broomes put prosecutor Mona Furst on notice as to what actions that he took against me, how he struck my evidence from the record, he then asked prosecutor Furst " I hope this satisfies you" an outward expression of his inner most intentions of bias to favor the prosecution. (see) how the Tenth Circuit has ruled that the misconduct of favoring one party over the other is wrong for a judge to actively do. "Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. "United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980).

Judge J.W. Broomes decision to disregard the policy of 28 U.S.C. § 201(e) was a clear error of judgment, an abuse of the court's discretion by failing to account for relevant evidence and failure to take judicial notice of the evidence, to keep with the expressed determination that I'd "never win a motion in his courtroom" and the outward expression to "satisfy" the prosecution was manifestly unreasonable, a plain error that violated my Fifth and Fourteenth Constitutional right to a fair hearing by a non bias adjudicator. "The 28 U.S.C. 2255 has made a substantial showing of the denial of my Fifth and Fourteenth Constitutional rights, do to the structural errors of Judge J.W. Broomes improper bias conduct.

Under the controlling habeas principles, a C.O.A. should very well be issued in this case. (see) Miller EL v. Johnson, 261 F.3d 445, 449 (2001) quoting 28 U.S.C. § 2253(c) [28 U.S.C.S. § 2253(c)(2)]. Citing Slack v. McDaniel, 529 U.S. 473,

By Judge J.W. Broomes by-passing the courts lawful procedure in his arbitrary and capricious decision to disregard court rules and policies as he failed to observe and apply D.Kan.R.72.1.2. and 28 U.S.C. 201(e) caused me to have fundamentaly unreliable and unfair hearings and every preceding that followed, being based on the unlawful decision to disregard rules and policies of the court.

Judge J.W. Broomes violated the procedural Due Process requirements of D.Kan.R.72.1.2. and 28 U.S.C. sec 201(e) and violated my right to the

12

Fourteenth Amendment to the United States Constitution, which requires that criminal prosecutions conform to prevailing notions of fundamental fairness, and that the criminal defendants be given a meaningful opportunity to present a complete defence. (see) State v. Wittenbrager, 124 Wn. 2d 467, 485, 880, P2d517 (1994), citing California v. Trombetta 467 U.S. 479, 485, 104 S. Ct. 25, 28 L. Ed 2d 413 (1985).

In this case there was no justice and nothing fair about judge J.W. Broomes accepting evidence from the prosecution while striking my said evidence from the record, affecting the fairness of the judicial proceedings. Fairness is the opportunity to present all relevant arguments and evidence. (see) Ex parte McCarthy, [1924] 1K.B. 256, 259 (1923)("Justice should not only be done, but it should be manifestly and undoubtedly be seen or be done"). (see also) Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980), nothing the importance of "preserving both the appearance and reality of fairness," which generates the feeling, so important to a popular government, that justice has been done." quoting Anti-Fascist Refugee Comm. v. McGrath 341 U.S. 123, 172 (1951).

Appellate attorney BM was prejudicialy incompetent, in violation of my Sixth Amendment Constitutional right to effective appellate counsel. I had a constitutional right to competent counsel, (see) Evitts v. Lucey, 469 U.S. 387, 397, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)("[T]he promise ... that a criminal defendant has the right to counsel ... would be a futile gesture unless it comprehended the right to effective assistance of counsel,")

Had BM presented the evidence of the record, the appellate court would have ruled differently, the court would have ruled in my favor had the court been made aware of Judge J.W. Broom's improper conduct of being bias, there was a structural error objected to in the district court, by way of motion to rescue judge J.W. Broom's (see) PJD-D, for seeking to satisfy the prosecution, the bias was so grossly prejudicial that it infected the entire trial process, and denied me the fundamental fairness of Due Process.

The error of BM frivolous arguments were so substantial that the appellate court likely would have decided in my favor, and not based its decision on the frivolous arguments and unsubtaintiated, incomplete record of events presented by BM.

13

The 10th Cir. Court of Appeals has recognized that the goal of section 455(a) is to avoid even the appearance of partiality.

Based on the extraordinary circumstances of the bias in this case any reasonable person, knowing all the relevant facts, would harbor doubts about Judge J.W. Broomes impartiality.

Because of Judge J.W. Broomes impartiality is reasonably in question in this instant case, 28 U.S.C. 455(a) mandates recusal.

" what matters is not the reality of bias or prejudice but its appearance " (see) Liteky v. United States, 127 L. Ed.2d 474, 114 S.Ct. 1147,1154 (1994).

" Given the statutory parameters, we must determine[71 F.3d 351 "whether a reasonable person,( 1995 U.S. App. LEXIS 6 ) knowing all the relevant facts, would harbor doubts about the judge's impartiality ". Cooly, 1 F.3d at 993 ( quoting United States v. Burger, 964 F.2d 1065,1070 ( 10th Cir. 1992 )(further quotation omitted));(see)also Maez, 54 F.3d at 1508; United States v. Greenspan 26 F.3d 1001,1005(10th Cir.1994); Hinman v. Rogers, 831 F.2d 937,939(10thCir)

Thee great men and woman of the 10th Cir. Court of Appeals has long since recognized that the cases within the 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.

In this case other facts may be uncovered through additional investigation and discovery of a sort, that can not occur without an evidentiary hearing.

## GROUND TWO

Attorney Blain Myhre's representation was a constitutional defect, his filings were deficient and they resulted in the dispositive Order of The Tenth Circuit Court of Appeal's on November 30,2023. Thus violating my Sixth Amendment Constitutional right. Ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.

Attorney Blain Myhre did not accurately state the reason for recusal in his factual basis that the violation of 28 U.S.C. sec 455(a),the act of 18 U.S.C. sec 52(b),the violation of the Fifth and Fourteenth Amendment of the United States Constitution for the violation of Due Process,violation of

14

My right to a fair trial was impaired because of judge J.W. Broomes disobedence of court rules, failing to exercise meaningful discretion while seeking to satisfy the prosecution and unprofessional conduct of being bias, while committing prejudicial actions that were shocking to my conscience. (see) Kinsella v. United States, 361 U.S. 234, 0 S.Ct. 297, 4 L. Ed. 2d 268, 1960 U.S. LEXIS 1742 (1960) Due Process has to do with denial of fundamental fairness, shocking to the universal sense of justice; it deals neither with power nor with jurisdiction, but with their exercise.

Had BM not been defencient in his performance and addressed the relevant concerns of judge J.W. Broomes bias comments and prejudicial actions of January 12, 2021, (doc # 53), in the ex' parte hearing and motion hearing, where judge J.W. Broomes abused his discretion, striking relevant evidence from the record, in a decision to "satisfy" the prosecution, while violating the policy of Federal Rules Of Evidence (Fed.R.Evid.) 201(e), depriving me of my Fifth Amendment Constitutional right to Due Process and a fair hearing be a non bias adjudicator.

Judges J.W. Broomes deined me Due Process when he, in violation of the Fifth Amendment prevented me the opportunity to be heard on the preponderance of evidence, when he in violation of the procedure of Federal Rules of Evidence 201(e) struck my relevant evidence from the record, committing a plain error when he refused to take judicial notice of the evidence, though it was requested of him in a timely fashion, under the mandate of the "opportunity to be heard"  Judge J.W. Broomes denied me my right to be heard by denying me the opportunity to present and argue my evidence at a meaningful time, and place, in the pretrial stages. (see) 401 U.S. 371 Boddie v. Conn.

Judge J.W. Broomes forced me to proceed without the appropriate procedural safeguards that are mandated by the constitution for all people in a similar situation of defending themselves in a criminal action where their life, liberty, and freedoms may be taken away from them, thus violating my Fourteenth Constitutional right to a fair hearing, and equal protection of the law.

The violation of the rules is a violation of due process by Judge J.W.Broomes when he failed to observe the rules of discovery when he denied the movant an Omnibus Hearing and again when Judge J.W.Broomes failed to observe the policy of Federal Rules of Evidence 201(e) when He refused to take judicial notice of the relevant evidence, though the rule states that he " Must " take notice of the evidence, thus denying the movant the " opportunity to be heard.

Also violating the policy of the Administrative Procedure Act (APA), 5 U.S.C. 500 et seq.(1946), the APA established practices and procedures for all government agencies to follow in adjudication and rule making. The Act granted citizens the right to submit evidence, and the right to a decision based solely on testimony and papers actually entered in to the proceedings.

Judge J.W.Broomes denied me the very right as a citizen to present my evidence to the court, denying the movant an opportunity to be heard.

(See)PJD-M, line 6 and 7 of paragraph 2, Blain Myhre stated that he " did not raise the issue of the search warrant, there is no winning argument there ".

Attorney Blain Myhre was unreasonable in his decision not to investigate the facts and laws surrounding the Movant's constitutional issue of the illegal seizure do to the affidavit and warrant.

The Movant presented to Blain Myhre the case of <u>United States v. Sanders,</u> No 21-5945 6th Cir. 2023, where the courts ruled that " Motion to Suppress Reversed Where Warrant Affidavit Failed to Established Probable Cause an No Good Faith Exception Applied ". (see)PJD-K

Attorney Blain Myhre's failure to frame the necessary argument in the statutory and constitutional terms was objectively unreasonable, his ignorance of the relevant facts and laws resulted in the dispositive ruling of Nov. 30 2023.

From the letter that Blain Myhre sent to me, this court can plainly see that none of my constitutional issues were presented to the courts, no fault of my own but do to the ineffective and unreasonable acts of attorney Blain Myhre, creating another structural error.

The ineffective assistance of appellate counsel has great merit. Movant's Pro 'se 28 U.S.C. 2255 Motion To Vacate Judgment has specific and detailed supporting facts of appellate counsel Blain Myhre's deficiency and specific error's in counsels performance and facts proving prejudice.

The Movant has introduced evidence of ineffective appellate counsel, the Movant has also came forward with statements of sufficient clarity and sufficient supporting facts. (see) PJD-M

16

BM made the material false statement that Judge Broomes has discretion "not" to take judicial notice of my evidence though it was timely requested is a compelling fact of his ineffectiveness incompetence, BM fails to know or understand the rules, so he could not be effective towards my defense. (see) Evitts, for the rule of 201 (e) clearly states that its required of the Judge, require as to mean, "a demand" its a must. From the plane language of the statue is clear that Judge Broomes was to take judicial notice of the evidence and the tenor noted Judge Broomes refused to obey the rules was a plain error, an abuse of discretion that destroyed my entitlement and made the hearing fundamentally unreliable and unfair.

Public and essential interest in fair administration of justice is embodied in core provisions of USCS Rules of Evidence, whose purpose is to develop all relevant facts (at trial.) 201(a)(b)(1)(2)(c)(2)(e)

## Requirement

Parties are entitled upon timely request to opportunity to be heard as to propriety of taking judicial notice and such request may be made even after judicial notice has been taken if prior notification is not given. In re King Resources Co., 651 F.2d 1326, 6 Bank, Ct. Sec. (FRP) 544, 6 Fed. R.Evid. Serv. CBC 254, 1980 U.S. App. LEXIS 16861 (10th Cir. 1980)

BM gross incompetence prevented him from being effective toward my defence and it cause the dispositive ruling of November 30, 2023.

The actual prejudice was the error in how he proceeded to defend my interest and constitutional rights. (see) How the supreme court ruled that "Necessarily the character of the proceeding, what is at stake upon its outcome, and the relation of the error asserted to casting the balance for decisions on the case as a whole" Kotteakos v. United States, 328 U.S. 750, 762, 66 S.Ct 1239, 90 L. ed. 1557 (1946)

17

In PJD-M, BM Stated

"I have not raised the rules based arguments you have mentioned, regarding Rules 3 and 4 of the rules of criminal procedure, and Rule 201 of the rules of evidence on judicial notice. Because this is an appeal from a guilty plea, the court is not going to address any infirmities there may have been in the indictment or pretrial proceedings before the guilty plea, as those are largely irrelevant here. As for the judicial notice issue, judges have discretion whether to take judicial notice or not, so Judge Broomes' failure to take judicial notice of your evidence or pleadings is not anything that will get a reversal by the Tenth Circuit. I also have not raised your issues regarding the search warrant. There is no winning argument therefor you on that. I cannot show that the warrant was not valid, and even if I could, the court would uphold the search under the good faith exception of Leon."

Did not raise the meritous rules based argument was a failure to present a meritous claim that I had been diligently persuing.

(see) McNabb v. United States, 318 U.S. 332, 347, 87 L Ed 819, 827 828, 63 S. Ct. 608 (1943)(Frankfurter, J.). Where its stated "it is not a historical accident that, "[t]he history of liberty has largely been the history of observance of procedurla safeguards."

Never is an argument for my Procedural Due Process rights to be observed and applied - irrelevent. I have a vested constitutional right for the procedural rules and process to be observed and applied at all stages of the criminal prosecution.

Violation of Due Process in a Hearing on 1-12-2021 Judge J.W. Broomes (Judge Broomes) violated the last Element of a Fair Hearing (see) Zoom Video Conference, (see) d.s. page 4 line 9, (also see) P.S.R. page 7 line 14 where Judge Broomes made a decision that was a clear error of judgement, to strike my pro se Motion to dismiss from the record.

18

The last Element of a Fair Hearing is that the hearing should result in a decision based on reason derived from the evidence and standards of law, which should be subject to review by an impartial appellate body.

Judge Broomes predisposition to rule the defendant as guilty, showed the appearance of bias by making a decision contrary to both the evidence and the standards of law.

Federal Rule of Criminal Procedure 3 requires that there is a statement of facts relied upon by the complaint to establish probable cause. In Giordenello v. United States, 357 U.S. 480 (1958) it was held that to support the issuance of a warrant the complaint must contain in addition to a statement "of essential facts constituting the offense."

The evidence contained no statement of essential facts alleging that the defendant was involved in any criminal activity, the evidence of the investigative reports, the sworn affidavit of Wichita Police Department (WPD) Officer Jermy Grey nor the search warrant that led up to the search warrant being served on 10-17-2018 at the address of 2421 W. Martha, Wichita, Kansas at or about 12 noon.

Judge Broomes viewed the evidence from a prejudiced focal point. Judge Broomes favoritism leaning towards the prosecution was bias against the defendant. Judge Broomes was wrong to over look the facts of the case and to totally disregard the evidence.

The evidence of the W.P.D. officer Van Daily's investigative report that stated that the defendant Gary A Lowe Jr. was not a target of the crimes investigated at 2421 W. Martha, Wichita Kansas from September 6, 2018 up to the serving of a search warrant on October 17, 2028.

The evidence of the W.P.D. officer Jermy Grey's sworn Affidavit that did not contain statements or competent evidence that was sufficient to support the finding of probable cause that the defendant Gary A. Lowe Jr. was involved in any criminal activity at 2421 W. Marth of Wichita, kansas from September 6, 2018 through October 17, 2018.

19

The evidence of the W.PD. officer Jermy Grey's sworn Affidavit did not contain competent evidence to support a nexus between the residence of 2421 W. Martha of Wichita Kansas and the defendant Gary A. Lowe Jr.

The evidence of the W.P.D. officer Jermy Grey's sworn Affidavit does not contain any affirmative allegations that the defendant Gary A. Lowe Jr. had personal knowledge of any illegal activities of 2421 W. Martha, nor does the sworn Affidavit set forth any other sufficient basis upon which a finding of probable cause could be made.

If a search warrant is to satisfy the constitutional requirement of probable cause, the affidavit upon which the search warrant is based must contain "competent evidence" that is sufficient to support the magistrates findings of probable cause (see) People v. Scoma. (1969) 71 Cal. 2d 332, 336, 78 Cal. Reptr. 491, 493, 455 P.2d 419, 421)(Aguliar v. Texas, (1964) 378 U.S. 108, 110, 84 S. Ct. 1509, 12 LED 2d 723.

The Fourth Amendment to the United States Constitution provides insofar as is here relevant that ... No warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons and things to be seized.

18 U.S.C. sec 4 (2)(1)(A): A warrant must contain the defendants name, or if it is unknown, a name or description by which the defendant can be identified with reasonable certainty.

The search warrant of October 17, 2018 for 2421 W. Martha, Wichita Kansas, with particularly named the four defendants, in regards as to the persons to be arrested, three females and one Hispanic male named Oscar Chavez Guerro, (CI) identified Oscar Chavez Guerro as a person who lived at 2421 W. Martha of Wichita Kansas.

Prejudice is a mental state of conclusion before an argument in which a person relies (whether knowingly or unknowingly) on supposition, bias, stenotype or presumption, to reach a decision before considering the evidence in detail that would otherwise have been basis for decision. He prejudiced the outcome of my appeal by his supposition.

20

BM was insufficiently familiar with affadavit law and procedures failed to prepare adequetly for appeal hearing. he did not fully investigate "Leon" or understand federal rule criminal P 3 and 4. his thoughts that the rules based argument is "irrelevant" caused me more harm than good, made my appeal unreliable and unfair.

Caused the damaging effect in my appeal, prevented me from plain error review on direct appeal. BM should have presented the fact that there was no probable cause for my arrest. (See) "A warrantless arrest violates the Fourth Amendment unless it was supported by probable cause." Keylon v. City of Albuquerque, 535 F.3d. 1210, 1216 (10th Cir. 2008); see Romeo v. Story, 672 F.3d 880, 889 (10th Cir. 2012)

BM's decision to abandon these claims and instead present other claims on direct appeal was not informed nor based on tactical reasons.
Bullock v. Carver, 297 F.3d. 1036, 1049 n.7 (10th Cir. 2002) "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case a particular decision not to investigation must be directly assessed for reasonableness in all the circumstances, in all the circumstances, applying a heavy measure of deference [2014 U.S. App. LEXIS 8] to counsels judgements." Strickland, 466 U.S. at 691.

Other Cir. such as the 6th, who agreed with me and my position, as the 6th Cir. stated in Sanders, "Finding the affidavit in support of the search warrant lacked probable cause and did not fall into a good faith exception, the court reversed the district courts denial of the motion to suppress and vacated Sanders' conviction and sentence." (see) United States v. Sanders, No. 21-5945 (6 Cir. 2023)

As this honorable court should also do in this instant case, reverse the district court's denial of the motion to suppress, vacate my conviction and sentence and grant my immediate release.

21

I should be immediately released do to the fact that the information presented in the affidavit shows a clear lack of factual circumstances that would support the minimally sufficient nexus to probable cause existed to arrest and or indict me.

Because no reasonable officer would believe that the affidavit established probable cause to arrest me. (see) Sanders No. 21-5945 Sanders where the court held that a review of the information presented in the affidavit shows a clear lack of factual circumstances that would support a minimally sufficient nexus. Because a reasonable officer would know that the CI's tip should be given little weight, if any, due to its minimal trustworthiness and reliability, the court held that no reasonable officer would believe that the affidavit established probable cause to search the appartment.

In this case Judge Broomes misapplied the legal standing of "Leon" United States v. Leon, 468, U.S. 897 (19840 he used an unreasonable application of clearly established federal laws while having an unreasonable determination of the facts, in his order of May 25, 2022.

Inside the four corners of the affidavit, I was not mentioned as a suspect, a person of interest nor was I described as a target of the investigation seizure or arrest. (see)PJD-H, the affidavit for the search

Judge Broomes said in the order of 9/25/2022 "that the law enforcement acted in good faith in relying on the warrant issued by the state judge" paragraph 1 of page 5, yet the very next paragraph states: Defendant argues that his arrest and search of his person should be suppressed because he was not mentioned in the affidavit or warrant. (See) paragraph 6 line 1, of 9/25/2022 order (Doc) 200 at 6.

Good faith of "Leon" does not apply in this instance. the affidavit for the warrant nor does the warrant itself identify me as a suspect of any crime. The WPD did not rely on the information in the warrant, they acted out of haste. The affidavit in support of the search warrant lacked probable cause to arrest me and it failed to set forth a nexus pertaining to me and the house for criminal activity.

Based on the controlling precedent of Gonzales, 399 F.3d 1225 (10th Cir 2005)

In this case there is no factual basis connecting the place to be searched to the appellant or suspected criminal activity. Because such a factual basis is missing, there is no nexus between the place to be searched and the criminal activity. (See) PJD-H and PJD-F Page 2, Page 3

The evidence seized from the residence of 2124 W. Martha, should have been suppressed. (see) 509 Fed. Appx. 815 United State v. Dutton, February 6, 2013.

BM ignorance of 10th Cir. controlling precedent of Gonzales, 393 F. 3d 1225 (see) Dutton "For the good faith to exist, there must be some factual basis connecting the place to be searched to the defendant or suspected criminal activity when: when this connection is wholly absent, the affidavit resulting warrant are so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Exclusion is appropriate in such circumstance because "reasonably well - trained" officers, exercising their own professional judgement, will be able to recognize the deficiency.

BM's failure to adequately brief the meritous rules based argument was fatal to my plain error challenge of the depravation of my Fourth Amendment Constitutional right to be free of unreasonable search or seizure.

A reasonable jurist would agree, under the Tenth Cir. Controlling precedent Gonzales, 393 F.3d 1225, Judge Broomes application of the legal standard of Leon was wrong and the district court's actions contravened in order to establish a clear error, satisfying both prongs of the plain-error rubric requirement. (see) Starks, 34 F. 4th at 1157.

The failure to adequately brief my meritous rules based claim was an error that was fatal to my plain error challenge, that deprived me of an effective appellate counsel. (see) Strickland 466 U.S. at 691 and (also) Evitts v. Lucey, 469 U.S. 387, 397, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)

23

Evitts v. Lucey, 496 U.S. 387, 397, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)("[T]he promise ... that a criminal defendant has a right to counsel ... would be futile gesture unless it comprehended the right to effective assistance of counsel.").

The evidence of PJD-M, the letter to me from BM proves that his decision was based on Ignorance of the law and his inability to formulate the necessary argument.

A criminal defendant has a right to effective assistance of counsel on the first appeal as of right. (see) Evitts v. Lucey, 469 U.S. 387, 394-96, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

BM failed to raise the search warrant Affidavit issue that I requested because he foreseen little or no likelihood of success on that issue, was a derelection of duty, a failure to do what he knew he should have done.

That was a damaging unprofessional error, a decision that caused the dispositive ruling on my direct appeal, a decision that no other professionaly competent lawyer would have made in this circumstance.

Thus violating my Sixth Amendment Constitutional right, which is prejudicial to my defense. There is a reasonable probability that the 10th Cir. Court of Appeals would have ruled in my favor and not made the dispositive ruling of November 30, 2023, had BM investigated Sanders, Shepridised Gonzales, became knowledgeable in the law, and presented to the 10th Cir Court its controlling precedent of Gonzales as an example of my circumstance.

I ask that you and the 10th Cir Court consider the case of Sanders No. 21-5945 and controlling precedent of Gonzales 393 F.3d 1225 in this instant case, dismiss the indictment and grant me immediate release. (see) where some circuits also consider panel precedents as binding even when a party presents arguments not made to the prior panel. (See) Trippitt v. Reliance Standard

24

Life Ins., 457 F.3d 1227, 1234 (11th Cir. 2006) (stating that the court of appeals was bound by panel precedent even when the appellant makes arguments not considered by the prior panel); Harris v. Epoch Grp., 357 F.3d 822, 826 (8th Cir. 2004) (stating that "precedent do not cease to be authoritative merely because counsel in a later case advance a new argument" (quoting United States v. Hill, 48 F.3d 228, 232 (7th Cir. 1995))); In re Penn Central Transp. Co., 553 F.2d 12, 15 (3rd Cir. 1977) (stating that a precedent controls even when an appellant makes an argument not considered by the prior panel.)

An error affects substantial rights only when its prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different "United States v. Harry, 816 F.3d 1268 1283 (10th Cir. 2016) (Internal citation and quotation marks omitted). And "bears the burden to convince this [c]ourt, based on the record on appeal, that the error affected his substantial rights." United States v. Gonzalez-Huerta, 403 F.3d 727, 733 (10 Cir. 2005)

There is a reasonable probability that the Tenth Circuit courts would have ruled in my favor had count been presented with its controlling precedent as an example of my circumstance. (see) United States v. Hary, 816 F.3d 1268, 1283 (10th Cir.)

25

I don't Know all of the right things to say nor all of the correct case law but I know that you do. I'm requesting that you would extend your grace to me by "sue sponta" correct my faults in speech and litigation by interjecting the correct terminologies and legal principles, establishing them in their proper place, a position of power, where the understanding and rule of law will have a greater affect.

BM's unreasonable and deficient performance was to vast to measure and truly to great to fully be made aware of. The effects of the gross negligence, the dereliction of duty and unreasonable deficient performance of BM are simply too hard to measure, these errors will always result in a fundamental unfairness. Such as so, causing the violation of my Fourteenth Constitutional right to a fair hearing. The error also affected the public, who always has an interest in the upholding of judicial proceedings by a fair and reasonable justification in the service of a legitimate governmental objective, to bring about justice for both the accused and society as a whole.

These errors warrant automatic reversal and my immediate release from prison. BM's failure to represent me in an effective way caused a number of damaging affects on my case, so much so, that he could not have been functioning under the constitutional rules of an attorney at law.

I'm not a lawyer, nor a highly educated man, so I do not proclaim to know much, but I do know that I am being done wrong, when I'm being mistreated and neglected. Because I am a Pro se Persona, I humbly ask of you, Judge Harris "Champion of Justice "Hartz. one know for his dispensation of justice, or this "Great" Tenth Circuit Court of Appeals, to construe my pleadings "liberally" and to hold them to a less stringent standard than formal pleadings by loawyers. (see) Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)

This means that "if the court can reasonably read the pleadings to state a valid claim which he could prevail, it should do so despite his failure to cite proper authority, his poor syntax and sentence construction or his unfamiliarity with pleading requirements."

26

A reasonable jurist would debate the district courts judgement regarding the violation of appellants due process rights claimed in the 28 U.S.C. 2255 motion to vacate judgement. (see) <u>Miller EL v. Cockrell</u>, 537 U.S. 322, 336 (2003)

Judge Broomes exercise of judgement was not based on what is "fair" under the circumstances nor was his judgement guided by "rules" and "principles of law."

A reasonable jurist would agree with me that the appellate is likely to prevail on the merits. The fifth and fourteenth amendment to the U.S. Constitution both secure the rights of fundamental fairness and the district court under the presiding of Judge J.W. Broomes has ran a foul of both guarantees. (see) Ex parte McCarthy, [1924] 1K.B. 256, 259 (1923) (") Justice should not only be done but should Manifest and undoubtly be seen or been done.") (see also) <u>Marshall v. Jerrico Inc</u> 446 U.S. 238, 242 (1980), nothing the importance of "preserving both the appearance and reality of fairness, "which generates the feeling so important to a popular government, that justice has been done.") quoting Anti-fascist Refugee Comm v. McGrath, 341 U.S. 123, 172 (1951).

A reasonable jurist would agree with me that the district courts violated my due process rights, when he committed a contempt of this court in unlawfully using and abusing the process of this court to obstruct the administration of justice, when Judge Broomes failed to observe and apply the policy of D.kan.R.72.1.2.

In every criminal case according to the functions of the magistrate, an Omnibus Hearing shall be conducted before the magistrate within twenty days after the defendant becomes reasonable available within the district. The courts did not give the defendant the omnibus hearing thus violating the rules of discovery. The defendant was robbed of the opportunity to prove that the Affidavit had no probable cause to bring an indictment against the defendant. The defendant was denied the possibility to prove that there was no nexus between the defendant and the criminal activity of 2421 W. Martha, of Sedwick county, Wichita, Kansas.

A reasonable jurist would agree Judge J.W. Broomes actions and comments revealed such a high degree of favoritism toward the prosecution that it created as to display a clear inability for Judge J.W. to render a fair hearing or fair judgement.   A reasonable jurist would agree Judge J.W. Broomes improper motive to "never allow the appellant to win a motion in his courtroom" and to "satisfy" the prosecution is a showing of a prejudice disposition so extreme as to make fair judgement impossible, creating a plain error that is inconsistent with the rudimentary demands of a fair procedure.   All done from the bias Framework of never allowing to appellant to win a motion in Judge J.W. Broomes' courtroom. (see) Liteky, 510 U.S. at 555"; Denton, 434 F3d 1104, 1111 (8th Cir 2006).

A reasonable jurist would see and understand that Judge Broomes unfairly and arbitrarily contravened the district courts established rule of D.kanR.72.1.2 and Fed.R.evid.201(e) Judge Broomes went above and beyond his duty, by going outside of the courts established rule Judge Broomes usurped the courts power to adjudicate the proceedings, by Judge Broomes reckless disregard of the rules and his willingness to defy the "process" of how the courts business is conducted therefore forfeiting the courts jurisdiction to preside over the proceedings.

Any reasonable jurist would agree that the district court was no longer the governmental body to adjudicate the disputes, because Judge Broomes was no longer working under the rules of the court, he was no longer working towards the interest of the court, when he decided to defy court policies and procedures, he became arbitrary and capricious, a rule unto himself, a person exercising power tyrannically, usurpation ursurper.

A reasonable jurist would agree that Judge J.W. Broomes improper conduct of disobeying the procedural rules was so grossly prejudicial that it fatally infected the trial process and denied me the fundamental fairness that is the essence of due process.

Due Process has to do with denial of fundamental fairness, shocking to universal sense of justice; it deals neither with power nor with jurisdiction, but with their exercise (see) Kinsella v. United States, 361 U.S. 234, 80 S. Ct. 297, 4LED.2d 268, 1960 U.S. LEXIS 1742 (1960).

2B

Failure to review this litigation on appeal now will cause the movant permanent harm. Appellate review now is needed to avoid that harm. For the movant will be prejudiced in a way not correctable on appeal since the movant will be forced to endure the hardship and irreparable harm of being imprisoned in violation and depravation of movant's 5th and 14th constitutional rights.

Because reasonable jurist could conclude that the District Courts ruling was wrong. I have satisfied the requirements for issuance of a C.O.A.

Seeking approval of Petition for COA from circuit Judge Harris the champion of Justice Hartz individually, wherefore I can appeal the district court's denial of my Habeas petition that I filed pursuant to 28 U.S.C. § 2255 (see) 28 U.S.C. § 2253(c) (providing a prisoner must obtain a COA to appeal the denial of habeas relief).

This Petition for a C.O.A. should be construed as an appeal, to the Honorable Circuit Judge Harris "The Champion of Justice" and be used as a grand reservoir of equitable power to do justice in this instance case."

Judge Broomes has made a substantive mistake of law and facts in the final order and judgement of June 5th, 2025, where he ruled that the 28 U.S.C. § 2255 motion had no merit.

A jurist of reason would debate the district court's resolution of my 28 U.S.C. § 2255 habeas petition was reasonable subject to debate and my claims are

adequate to deserve further proceedings. Accordingly, I "made a substantial showing of the denial of my 5 and 6 and 14th Constitional right and Im entitled to a COA. (See) Miller El v. Cockrell, 537 U.S. 322, 328, 123 S.Ct. 1029, 154 L. Ed. 2d. 931 (2003); Slack v. McDaniel 529 U.S. 473, 489, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000)

In these extraordinary circumstances where Judge Broomes has violated the policy of D.Kan.R.72.1.2. Omnibus Hearing the policy of 28 U.S.C. 201(e) the Habeas Act, F.R.A.P. and the Fifth Amendment Constitutional Rights, would compel this 10 Cir. Court of its necessity to dispense justice.

(see) Hilton v. Braunskill, 481 U.S. 24 774; Supra 88, 33.2, 33.3. Even today, the courts occasionally order immediate and unconditional release in cases susceptible to retrial. (see) Carter v. Rafferty, 781 F.2d at 994 n.1; LaFrance b. Bohlinger, 487 F.2d 506, 507 (1st Cir 1973). (See) supra §33.2 nn. 11-13 and accompanying text. (See) also supra §33.2 n.9 and accompanying text.

Relief is appropriate in lou of the circumstances of this instance case that are so unusual and compelling that extraordinary relief is warranted, it would 'offend justice' to deny such relief, (See) Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)

I'm seeking my immediate release, preliminary and permanent injections against any and all of Judge Broomes rulings, orders, and Judgments in this instant case. I'm seeking that the conviction and sentence be reversed and overturned.

Tue. August 26, 2025
Mr. Gary A. Lawe Jr.

30

# FILL OUT AND SIGN EACH OF THE FOLLOWING TWO SECTIONS

I affirm under the penalty for perjury that I placed this Appellant's Combined Opening Brief and Application for a Certificate of Appealability with first-class postage prepaid in the prison mail system or, if I was not incarcerated, in the United States Mail, addressed to the Clerk of the U.S. Court of Appeals for the Tenth Circuit, 1823 Stout St., Denver, CO 80257. In addition, I hereby certify that a copy of this form was placed with first-class postage prepaid in the prison mail system or, if I was not incarcerated, in the United States Mail, addressed to:

> Bryan C. Clark
> AUSA
> 500 State Ave, Suite 360
> Kansas City, Kansas 66101
>> (identify the name and address of the opposing governmental attorney)

on the following date:

August        26        2025        McGary A. Lave Jr.
  month        day        year        signature

I certify that the total number of pages I am submitting as my Appellant's Combined Opening Brief and Application for a Certificate of Appealability is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is _____, which is less than 13,000. I understand that if my Appellant's Combined Opening Brief and Application for a Certificate of Appealability exceeds 13,000 words, my brief may be stricken and the appeal dismissed.

August        26        2025        McGary A. Lave Jr.
  month        day        year        signature

Form COA-12                                                                 Page 5



Clerk of the Court
Tenth Circuit Court of Appeals
1823 Stout St.
Denver, Co. 80257

CERTIFIED MAIL

7011 2970 0004 0409 7186

Scanned by
U.S. Marshal

Gary A. Lowe Sr.
53749-031 B- Unit
Federal Correctional Institution
P.O. Box 9000
King, Tx. 75505