**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY A. LOWE, JR.,

    Defendant - Appellant.

No. 25-3119
(D.C. Nos. 6:24-CV-01225-JWB &
6:20-CR-10066-JWB-2)
(D. Kan.)

_____

**ORDER**
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Gary A. Lowe, Jr. was convicted after pleading guilty to possessing

- a controlled substance with intent to distribute and

- a firearm after a felony conviction.

*See* 21 U.S.C. § 841(a); 18 U.S.C. § 922(g)(1). He unsuccessfully appealed and moved in district court to vacate the sentence. The district court denied this motion, and Mr. Lowe wants to appeal. To do so, however, he seeks a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

In considering Mr. Lowe's request for the certificate, we ask only whether reasonable jurists could find the district court's ruling "debatable

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We apply this standard to the arguments that Mr. Lowe wants to present on appeal.

**Judicial Bias.** His first proposed argument is that the district judge should have recused for bias. We rejected the same argument when Mr. Lowe appealed his conviction. *United States v. Lowe*, No. 22-3209, 2023 WL 8271989, at *6–7 (10th Cir. Nov. 30, 2023). Given our prior decision, we would generally decline to revisit the issue of judicial bias. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

Mr. Lowe attributes our prior decision to his attorney's failure to adequately address the issue of judicial bias. Given the alleged deficiency of the earlier representation, Mr. Lowe contends that he deserves fresh consideration of judicial bias based on the district court's expressions of bias, refusal to conduct an omnibus hearing, and disregard of exhibits.

The alleged expressions of bias consists of purported statements by the district judge that (1) Mr. Lowe would never win a motion and (2) the judge hoped to satisfy the prosecution by striking Mr. Lowe's evidence. But the transcript doesn't reflect either statement.

This contention arises from the judge's remarks about the filing of motions by both Mr. Lowe and his attorney. Because Mr. Lowe was

represented, the district judge explained that (1) he would consider only the motions filed by his attorney, (2) his attorney could refile the motions if he thought they had merit, and (3) the pro se motions filed thus far had lacked merit. This explanation doesn't provide a reasonable basis to infer judicial bias.

Mr. Lowe also says that the district judge refused to conduct an omnibus hearing even though it was required under a local rule. He's mistaken because the local rules didn't require an omnibus hearing. To the contrary, they said only that a magistrate judge could conduct "omnibus hearings as are necessary." D. Kan. Rule 72.1.2(a)(2) (2022). (Mr. Lowe purports to quote nonexistent language in D. Kan. Rule 72.1.2. *See* COA Appl. at 10.) So the refusal to conduct an omnibus hearing doesn't provide a reasonable basis to infer judicial bias.

Finally, Mr. Lowe asserts that the district judge refused to take judicial notice of exhibits attached to one of Mr. Lowe's motions. But there was no reason to judicially notice the exhibits. The judge struck the motion because Mr. Lowe was presenting it pro se and he was represented at the time. Mr. Lowe's attorney refiled the motion, but omitted the exhibits. So the judge had no reason to consider the exhibits, and the attorney had no reason to request judicial notice. Disregard of the exhibits doesn't provide a reasonable basis to infer judicial bias.

**Ineffective Assistance of Counsel in Challenging the Conviction.**
Mr. Lowe also claims that his appellate attorney should have challenged a search and refusal to take judicial notice. But Mr. Lowe waived these claims by pleading guilty. *United States v. Cockerham*, 237 F.3d 1179, 1186–87 (10th Cir. 2001). Granted, he could avoid the waiver if the plea had been invalid. *Id.* But he doesn't question the plea itself. So no jurist could reasonably credit a claim of ineffective assistance of counsel for failing to challenge the search or refusal to take judicial notice.

**Motions for Release.** Mr. Lowe also argues that the district court should have granted his motions for release because he wasn't a flight risk, he didn't get a chance to be heard in a timely manner, and he didn't have a fair hearing. But these arguments hinge on the validity of his underlying challenges involving judicial bias and ineffective assistance of counsel. And we have concluded that no jurist could reasonably credit those challenges. So the district court didn't err in denying the motions for release.

* * *

We deny the request for a certificate of appealability. Given this denial, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge